An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSE REYES-MARRUFO,
Appellant,
vs.
BAC HOME LOANS SERVICING, LP,
Respondent.

No. 60543

**FILED**

SEP 12 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a petition for judicial review in a foreclosure mediation matter. Appellant Jose Reyes-Marrufo and respondent BAC Home Loans Servicing, LP, failed to resolve the foreclosure of Reyes-Marrufo's residential property at the foreclosure mediation. Reyes-Marrufo then filed a petition for judicial review in the district court asserting that BAC violated NRS 107.086 by (1) failing to provide the original or a certified copy of the mortgage note at the mediation; (2) failing to mediate in good faith by declining to consider a loan modification; and (3) failing to have a representative with the required authority to negotiate present at the mediation. However, the mediator's statement did not indicate that BAC failed to do any of these things. The district court rejected Reyes-Marrufo's arguments and ordered a letter of certification for foreclosure to issue. Reyes-Marrufo now appeals.

We review a district court's order to issue a letter of certification for foreclosure for an abuse of discretion. *Pasillas v. HSBC Bank USA*, 127 Nev. ___, ___, 255 P.3d 1281, 1286 (2011); *Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. ___, ___, 255 P.3d 1275, 1278 (2011). This court will not overturn a district court's factual findings if such

SUPREME COURT
OF
NEVADA

(O) 1947A

13-26966

findings are not clearly erroneous and are supported by substantial evidence. *Cnty. of Clark v. Sun State Props.,* 119 Nev. 329, 334, 72 P.3d 954, 957 (2003).

BAC has the burden to prove that it strictly complied with the requirements of NRS 107.086(4), *see Leyva,* 127 Nev. at ___, 255 P.3d at 1279, but nothing in the record demonstrates that Reyes-Marrufo rebutted BAC's contention that it presented the original note at the mediation. While Reyes-Marrufo argues that he never personally received a certified copy of the original note, he informed the district court that he could not say for sure that an original copy was not brought to the mediation, and the mediator did not check the box indicating that BAC failed to bring the required original documentation. Accordingly, we conclude that the district court did not abuse its discretion in determining that BAC produced a certified copy of the original note at the mediation as required by NRS 107.086(4).

Furthermore, there is no indication in the record that Reyes-Marrufo presented any evidence to refute BAC's contention that the reason a loan modification was not offered was because modification was not feasible given Reyes-Marrufo's negative monthly income. In fact, his own counsel stated in the district court proceedings that even making a modified payment would be a "struggle" for Reyes-Marrufo. Similarly, Reyes-Marrufo failed to sufficiently prove that BAC's representative lacked authority to negotiate a loan modification had Reyes-Marrufo qualified for one. First, the mediator did not check the boxes indicating that BAC participated in bad faith or did not have a representative with authority present. Second, BAC argues, as it did in the district court, that Reyes-Marrufo was unwilling to discuss a short sale during mediation and



that a telephone number was given to him in case he changed his mind. Although the district court heard conflicting testimony as to why a telephone number was given to Reyes-Marrufo to call instead of discussing a short-sale option with him at the time of mediation, it was free to weigh this evidence in favor of BAC and find that the evidence presented did not support a finding of bad faith on the part of BAC or that BAC's representative lacked authority.

Because we conclude that sufficient evidence supports the district court's determination that BAC brought the required documents, participated in good faith, and had a representative present with the authority to negotiate as required by NRS 107.086(4) and (5), we conclude that the district court's determination was not clearly erroneous. *See Cnty. of Clark,* 119 Nev. at 334, 72 P.3d at 957 (stating that this court will not overturn a district court's factual findings if such findings are not clearly erroneous and are supported by substantial evidence); *Bacher v. State Eng'r,* 122 Nev. 1110, 1121, 146 P.3d 793, 800 (2006) (holding that it is not the function of this court to "examine witness credibility or reweigh the evidence").

 

Accordingly, we ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

cc:    Hon. Donald M. Mosley, District Judge
       Eighth Judicial District Court Dept. 14
       Crosby & Fox, LLC
       McCarthy & Holthus, LLP/Las Vegas
       Eighth District Court Clerk